Alex M. Weingarten (SBN 204410)
aw@wbllp.com
Leslie A. Eggers (SBN 275394)
le@wbllp.com
WEINGARTEN BROWN LLP
10866 Wilshire Boulevard, Suite 500
Los Angeles, California 90024-4340
Telephone: (310) 229-9300
Facsimile: (310) 229-9380

*Attorneys for Defendants*
Studio Solutions Group, Inc. and
Johnny Lin

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CATCHPLAY INC. (CAYMAN) and CATCHPLAY INC. (TAIWAN), <br><br> Plaintiffs, <br><br> vs. <br><br> STUDIO SOLUTIONS GROUP, INC. and JOHNNY LIN, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | CASE NO.: CV12-07525 GW (JCx) <br><br> STIPULATED PROTECTIVE ORDER <br><br> [CHANGES MADE BY COURT] <br><br> Hon. Jacqueline Chooljian |

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   <u>"Confidential Information or Items"</u>:  is limited to information that concerns or relates to a trade secret or other confidential research, development or commercial information the disclosure of which may cause significant harm to the competitive position of the producing party.

2.4 <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: a Party or non party that produces Disclosure or Discovery Material in this action.

2.7. <u>Designating Party</u>: a Party or non party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly-Confidential Attorneys' Eyes Only."

2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 <u>House Counsel</u>: attorneys who are employees of a Party.

2.11 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or

1  demonstrations; organizing, storing, retrieving data in any form or medium; etc.)
2  and their employees and subcontractors.

3  **3.    SCOPE**

4  The protections conferred by this Stipulation and Order cover not only
5  Protected Material (as defined above), but also any information copied or extracted
6  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus
7  testimony, conversations, or presentations by parties or counsel to or in court or in
8  other settings that might reveal Protected Material.

9  **4.    DURATION**

10  Even after the termination of this litigation, the confidentiality
11  obligations imposed by this Order shall remain in effect until a Designating Party
12  agrees otherwise in writing or a court order otherwise directs.

13  **5.    DESIGNATING PROTECTED MATERIAL**

14  5.1    <u>Exercise of Restraint and Care in Designating Material for
15  Protection</u>. Each Party or non party that designates information or items for
16  protection under this Order must take care to limit any such designation to specific
17  material that qualifies under the appropriate standards. A Designating Party must
18  take care to designate for protection only those parts of material, documents, items,
19  or oral or written communications that qualify so that other portions of the
20  material, documents, items, or communications for which protection is not
21  warranted are not swept unjustifiably within the ambit of this Order.

22  Mass, indiscriminate, or routinized designations are prohibited.
23  Designations that are shown to be clearly unjustified, or that have been made for an
24  improper purpose (*e.g*., to unnecessarily encumber or retard the case development
25  process, or to impose unnecessary expenses and burdens on other parties), expose
26  the Designating Party to sanctions.

27  If it comes to a Party's or a non party's attention that information or
28  items that it designated for protection do not qualify for protection at all, or do not

1  qualify for the level of protection initially asserted, that Party or non party must
2  promptly notify all other parties that it is withdrawing the mistaken designation.

3        5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise
4  provided in this Order (see, *e.g.*, second paragraph of section 5.2(a), below), or as
5  otherwise stipulated or ordered, material that qualifies for protection under this
6  Order must be clearly so designated before the material is disclosed or produced.

7        Designation in conformity with this Order requires:

8      (a)    <u>for information in documentary form</u> (apart from transcripts of
9  depositions or other pretrial or trial proceedings), that the Producing Party affix the
10 legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
11 EYES ONLY" on each page that contains protected material. If only a portion or
12 portions of the material on a page qualifies for protection, the Producing Party also
13 must clearly identify the protected portion(s) (*e.g.*, by making appropriate
14 markings in the margins) and must specify, for each portion, the level of protection
15 being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
16 ATTORNEYS' EYES ONLY").

17     (b)    <u>for testimony given in deposition</u>, that the Party or non-party
18 offering or sponsoring the testimony identify on the record, before the close of the
19 deposition, all protected testimony, and further specify any portions of the
20 testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
21 ONLY."  When it is impractical to identify separately each portion of testimony
22 that is entitled to protection, and when it appears that substantial portions of the
23 testimony may qualify for protection, the Party or non-party that sponsors, offers,
24 or gives the testimony may invoke on the record (before the deposition is
25 concluded) a right to have up to 20 days after receipt of the official transcript of the
26 testimony to identify the specific portions of the testimony as to which protection
27 is sought and to specify the level of protection being asserted ("CONFIDENTIAL"
28 or "HIGHLY CONFIDENTIAL –  ATTORNEYS' EYES ONLY"). Only those

portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a

1 confidentiality designation by electing not to mount a challenge promptly after the
2 original designation is disclosed.

3        6.2/6.3      <u>Meet and Confer/Judicial Intervention.</u>  Any challenge to
4 a confidentiality designation shall be made in accordance with Local Rules 37-1, et
5 seq.

6     The burden of persuasion in any such challenge proceeding shall be
7 on the Designating Party.  Until the court rules on the challenge, all parties shall
8 continue to afford the material in question the level of protection to which it is
9 entitled under the Producing Party's designation.

10 **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

11     7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected
12 Material that is disclosed or produced by another Party or by a non party in
13 connection with this case only for prosecuting, defending, or attempting to settle
14 this litigation. Such Protected Material may be disclosed only to the categories of
15 persons and under the conditions described in this Order. When the litigation has
16 been terminated, a Receiving Party must comply with the provisions of section 11,
17 below (FINAL DISPOSITION).

18     Protected Material must be stored and maintained by a Receiving
19 Party at a location and in a secure manner that ensures that access is limited to the
20 persons authorized under this Order.

21     7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.
22 Unless otherwise ordered by the court or permitted in writing by the Designating
23 Party, a Receiving Party may disclose any information or item designated
24 CONFIDENTIAL only to:

25     (a)    the Receiving Party's Outside Counsel of record in this action,
26 as well as employees of said Counsel to whom it is reasonably necessary to
27 disclose the information for this litigation;

28

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document, the original source of the information, or a person to whom the document or information was provided previously outside this litigation.

7.3 **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party's House Counsel directly involved in supervision of the instant litigation to whom disclosure is reasonably necessary, provided such House counsel is not involved in business decisions of the receiving party as discussed by the Ninth Circuit Court of Appeals in *Brown Bag v. Symantec*, to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f) the author of the document or a recipient of the document as shown on the face of the document.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order or other lawful court process issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated

1  Protective Order promptly to the party in the other action that caused the subpoena
2  or order to issue.
3         The purpose of imposing these duties is to alert the interested parties
4  to the existence of this Protective Order and to afford the Designating Party in this
5  case an opportunity to try to protect its confidentiality interests in the court from
6  which the subpoena or order issued.  The Designating Party shall bear the burdens
7  and the expenses of seeking protection in that court of its confidential material and
8  nothing in these provisions should be construed as authorizing or encouraging a
9  Receiving Party in this action to disobey a lawful directive from another court.
10  **9.   UNAUTHORIZED DISCLOSURE OF PROTECTED**
11        **MATERIAL.**
12         If a Receiving Party learns that, by inadvertence or otherwise, it has
13  disclosed Protected Material to any person or in any circumstance not authorized
14  under this Stipulated Protective Order, the Receiving Party must immediately:
15  (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use
16  its best efforts to retrieve all copies of the Protected Material, (c) inform the person
17  or persons to whom unauthorized disclosures were made of all the terms of this
18  Order, and (d) request such person or persons to execute the "Acknowledgment
19  and Agreement to Be Bound" that is attached hereto as Exhibit A.
20        **10.   FILING PROTECTED MATERIAL.**
21         Without written permission from the Designating Party or a court
22  order secured after appropriate notice to all interested persons, a Party may not file
23  in the public record in this action any Protected Material. A Party that seeks to file
24  under seal any Protected Material must comply with Civil Local Rule 79-5.
25        **11.   FINAL DISPOSITION.**
26         Unless otherwise ordered or agreed in writing by the Producing Party,
27  within sixty days after the final termination of this action, each Receiving Party
28  must return all Protected Material to the Producing Party. As used in this

subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, discovery, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12. MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on

any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 14, 2013

WEINGARTEN BROWN LLP
Alex M. Weingarten
Leslie A. Eggers

By: /s/ Alex M. Weingarten
Alex M. Weingarten
aw@wbllp.com
*Attorneys for Defendants and Counterclaimants*
Studio Solutions Group, Inc. and Johnny Lin

Dated: February 14, 2013

GREENBERG TRAURIG, LLP
Vincent H. Chieffo
Valerie W. Ho

By: /s/ Valerie W. Ho
Valerie W. Ho
chieffov@gtlaw.com
*Attorneys for Plaintiffs and Counterclaim Defendants*
CatchPlay, Inc. (Cayman) and CatchPlay, Inc. (Taiwan)

IT IS SO ORDERED.

This 22nd day of February, 2013.

/s/
Hon. Jacqueline Chooljian
Magistrate Judge, United States District Court



# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of **CATCHPLAY, ET AL. V. STUDIO SOLUTIONS GROUP, ET AL. USDC CENTRAL DISTRICT OF CALIFORNIA CASE NO. CV12-07525 GW (JCx)**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:
City and State where sworn and signed: _____
Printed name: _____
Signature: _____



WEINGARTEN BROWN LLP