UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-7525 GW(JC) | Date | March 28, 2013 |
|---|---|---|---|
| Title | CatchPlay Inc. (Cayman), et al. v. Studio Solutions Group, Inc., et al | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| none | none |

**Proceedings:** (In Chambers)

ORDER (1) SUBMITTING AND VACATING HEARING ON MOTION TO LIFT STAY OF COMPLIANCE WITH SUBPOENAS; AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION (DOCKET NOS. 144, 149)

**I.     Summary**

Pending before the Court and noticed for hearing on April 2, 2013 at 2:00 p.m. is Plaintiffs' Motion to Lift Stay of Compliance with Plaintiffs' Subpoenas to J.P. Morgan and Bank of America ("Plaintiffs' Motion").[1]

Pursuant to Fed. R. Civ. P. 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for April 2, 2013 is hereby vacated and the matter taken off calendar.

For the reasons discussed below and as detailed below, Plaintiffs' Motion is granted in part subject to the requirement that the documents produced pursuant to the subpoenas be treated as Attorney's Eyes Only absent written agreement of the parties or a court order indicating otherwise, and denied in part.

---

[1] In connection with Plaintiffs' Motion, the parties have filed (1) plaintiffs' notice of motion ("Notice"); (2) a joint stipulation ("Joint Stipulation" or "JS"); (3) a declaration of Valerie W. Ho with exhibits; (4) a declaration of Alex M. Weingarten with exhibits; (5) plaintiffs' supplemental memo; (6) a declaration of Vincent H. Chieffo with exhibits, including under seal exhibits; (7) defendants' supplemental memorandum; and (8) a supplemental declaration of Alex M. Weingarten. As the parties are aware, this Court has engaged in multiple off the record telephonic conferences with counsel in an effort to settle disputes relating to the parties' ongoing business relationship. As such discussions pertain to settlement, they have not been considered by the Court in resolving Plaintiffs' Motion. To the extent the parties' submissions in connection with Plaintiffs' Motion may refer to such discussions, they have not been considered by the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7525 GW(JC) | Date | March 28, 2013 |
|---|---|---|---|
| Title | CatchPlay Inc. (Cayman), et al. v. Studio Solutions Group, Inc., et al | | |

**II.   Background**

    **A.   Claims and Preliminary Injunction**

On August 31, 2012, plaintiffs Catchplay Inc. (Cayman) and Catchplay Inc. (Taiwan) ("plaintiffs") initiated this action by filing a Complaint against Studio Solutions Group, Inc. ("SSG") and Johnny Lin ("Lin") (collectively "defendants") for declaratory relief, breach of fiduciary duty and constructive fraud, breach of contract, and aiding and abetting breach of fiduciary duty. Lin was alleged to be the principal and alter ego of SSG. Subject matter jurisdiction was predicated on diversity of citizenship under 28 U.S.C. § 1332(a)(2).

On October 19, 2012, the District Judge issued a Joint Preliminary Injunction essentially enjoining defendants from terminating plaintiffs' rights to distribute, exploit and/or release in Taiwan the approximately 945 audiovisual works listed on the schedules attached thereto and from interfering with rights granted to plaintiffs in written agreements with defendants for such works so long as plaintiffs complied with their material obligations under those agreements.

On November 29, 2012, following the dismissal of the Complaint with leave to amend, plaintiffs filed the currently operative First Amended Complaint against SSG and Lin for declaratory relief, breach of fiduciary duty and constructive fraud, breach of contract, and aiding and abetting breach of fiduciary duty, seeking, among other things, an accounting. The First Amended Complaint alleges, *inter alia*: (1) Lin is the sole shareholder, owner, and chief executive officer of SSG; (2) Lin operates SSG out of his residence; (3) Lin controls, dominates and operates SSG as a mere shell through which he carries on his personal business in the corporate name of SSG; (4) there is such a unity of interest and ownership between Lin and SSG that the individuality, or separateness of Lin and SSG did not exist at all relevant times; (5) Lin has caused and directed SSG to (a) be undercapitalized such that it is unable to pay its obligations (including SSG's obligations to plaintiffs); (b) disregard corporate formalities; (c) commit the wrongful acts and breaches alleged therein; and (d) apply corporate funds and assets to his personal use, including funds originally provided to SSG by plaintiffs that were to have been held by SSG to pay future obligations with respect to audiovisual works to which plaintiffs hold the Taiwan exploitation rights or to have been returned to plaintiffs if such audiovisual works were not produced (collectively "Alter Ego Allegations"). Subject matter jurisdiction is again predicated on diversity of citizenship under 28 U.S.C. § 1332(a)(2).

On January 29, 2013, the District Judge denied defendants' motion to dismiss the First Amended Complaint. On February 4, 2013, defendants filed an Answer.

Also on February 4, 2013, defendant SSG filed Counterclaims against plaintiffs for breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief, tortious interference with contract, tortious interference with prospective economic relations, trade libel, defamation, antitrust violations under the Sherman and Cartwright Acts, and unfair business practices. Plaintiffs' motion to dismiss the Counterclaims is currently pending.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7525 GW(JC) | Date | March 28, 2013 |
|---|---|---|---|
| Title | CatchPlay Inc. (Cayman), et al. v. Studio Solutions Group, Inc., et al | | |

**B.     Discovery**

On December 7, 2012, plaintiffs served SSG with Requests for the Production of Documents ("Document Requests') which, among other things, called for the production of documents reflecting monthly balances in SSG's bank accounts from January 1, 2007 to the present, bank/account statements for SSG's holding account from the same time frame, and documents reflecting the transfer of funds into and out of SSG's holding account for the same time frame.[2]   SSG's responses to such requests were due on February 28, 2013.  On February 28, 2013, SSG served its written responses to the Document Requests.  On March 5, 2010, defendants produced 950 pages of redacted bank records dating from 2007 to the present, including records from JP Morgan, Bank of America, and Chase which assertedly include (1) all transactions between SSG and studio licensors for the payment of minimum guarantees on films licensed to plaintiffs; (2) all transactions between SSG and the film material departments for such films; (3) all transactions between SSG and plaintiffs for the payment of minimum guarantees on such films; and (4) all transactions between SSG and plaintiffs for the payment of film materials.

On February 14, 2013 and February 20, 2013, respectively, defendants served subpoenas on Bank of America and JP Morgan Chase Wealth Management, calling for the production of account statements for accounts held by SSG and Lin from January 1, 2008 to the present.  On February 20, 2013, defendants filed an ex parte application for an order quashing such subpoenas.  On February 22, 2013, this Court issued an order: (1) denying defendants' ex parte application without prejudice; (2) staying compliance with the subpoenas pending resolution of a noticed motion; and (3) shifting the onus of filing a motion relative to such subpoenas to plaintiffs, in light of plaintiffs' desire for an expeditious resolution of this matter.  Plaintiffs' Motion followed.

**III     Discussion**

Plaintiffs contend that the subpoenas are narrowly drawn and seek documents critical to plaintiffs' accounting, alter ego, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty claims, as well as certain of the Counterclaims and, more specifically are relevant to:  (1) an accounting, which plaintiffs assertedly cannot complete without the requested financial records, as the "accounting" provided by SSG to date, appears to be inaccurate, inconsistent with other schedules provided by SSG, incomplete, and subject to change; (2) SSG's failure to pay licensors for films for which plaintiffs have already transmitted payment to SSG; (3) SSG's claims that it is owed money based on "advances" it made to studios for plaintiffs; (4) SSG's claim that it is insolvent and cannot pay the licensors without payment from plaintiffs; (5) aiding and abetting – whether and to what extent defendants have been making payments to or receiving payments from Wayne Chang or Media Development Corp ("MDC"), a company controlled by Chang; (6) alter ego claims – whether SSG is undercapitalized and the extent to which SSG's and Lin's funds have been commingled; (7) agency theory – the degree to which SSG's reliance on plaintiffs' payments to pay for films demonstrates that SSG was plaintiffs' buying agent for titles that plaintiffs authorized SSG to acquire, as opposed to SSG

---

[2]The record does not reflect that plaintiffs to date have served Lim, as opposed to SSG, with any document requests.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7525 GW(JC) | Date | March 28, 2013 |
|---|---|---|---|
| Title | CatchPlay Inc. (Cayman), et al. v. Studio Solutions Group, Inc., et al | | |

buying films for itself; and (8) defending against SSG's defamation and trade libel Counterclaims which are primarily based on the contention that statements made by plaintiffs in this case are false. (Notice at 2-3; JS at 2-3). In short, plaintiffs assert that the banking records in issue are necessary to determine the transactions between SSG and plaintiffs, between SSG and the 40 licensors, between SSG and Chang/Chang-controlled entities, and between SSG and Lin. (Notice at 3; JS at 3). Plaintiffs also contend that defendants' purported privacy/confidentiality concerns are moot in light of the protective order issued in this action and defendants' asserted waiver of any right to privacy by virtue of its public filings of copies of certain account statements and related records, that they are entitled to obtain the records in issue directly from the banks, and that, in any event, SSG's production to date is inadequate as SSG has supplied only a subset of the documents sought and has heavily redacted such documents. (JS at 4).

Defendants essentially respond that plaintiffs are not entitled to any documents regarding Lim, that SSG has already produced the only documents encompassed by the subpoenas to which plaintiffs are entitled, and that the remaining documents sought by plaintiffs are irrelevant and confidential. (JS at 4). More specifically, defendants object to the subpoenas on the following grounds: (1) the subpoenas are harassing and impose an undue burden in that plaintiffs failed to seek the requested information from defendants themselves before issuing the subpoenas; (2) the subpoenas improperly call for irrelevant information; and (3) the subpoenas improperly call for information protected by defendants' rights to privacy under the California Constitution and California Code of Civil Procedure section 1985.3 (assertedly applicable to this action under Federal Rule of Evidence 501). (JS at 5).

First, defendants' objection that the subpoenas are harassing and impose an undue burden in that plaintiffs failed to seek the requested information from defendants themselves before issuing the subpoenas (JS at 5) is overruled. Contrary to defendants' suggestion (JS at 22 n.6), absent a pre-existing court order directing otherwise, there was no impropriety arising from the timing of plaintiffs' service of the subpoenas and no requirement that plaintiffs seek the records in issue from defendants or await SSG's response to the Document Requests before seeking the records from the banks. See Fed. R. Civ. P. 26(d)(2)(A) (unless court orders otherwise, methods of discovery may be used in any sequence). The cases cited by defendants for the contrary proposition (JS at 22) are not binding and are distinguishable in that they involved objections by the subpoenaed third parties themselves that the subpoenas were unreasonably oppressive or unduly burdensome. Here, there is no suggestion that the subpoenaed banks have objected or intend to object to the subpoenas in issue and, in any event, it does not appear to this Court that complying with the subpoenas would impose an undue burden on the banks. Nor, in light of current record, does it appear appropriate to the Court to excuse compliance with the subpoenas under Fed. R. Civ. P. 26(b)(2)(C) as defendants urge. The Court does not find that the discovery sought by the subpoenas is unreasonably cumulative or duplicative, that it is obtainable from some other source that is more convenient, less burdensome, or less expensive, that plaintiffs have had ample opportunity to obtain the information by discovery in this action, or that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7525 GW(JC) | Date | March 28, 2013 |
|---|---|---|---|
| Title | CatchPlay Inc. (Cayman), et al. v. Studio Solutions Group, Inc., et al | | |

parties' resources, the importance of the issues at stake in the action, and the importance of the proposed discovery in resolving issues. Fed. R. Civ. P. 26(b)(2)(C).[3]

Second, to the extent defendants object to the subpoenas based on relevance, the objections are overruled. The Court finds plaintiffs' contentions in this regard persuasive and is unpersuaded by defendants' contentions to the contrary. The requested SSG account records are at least relevant to the breach of fiduciary duty and constructive fraud, breach of contract, and aiding and abetting breach of fiduciary duty claims in that they are reasonably calculated to lead to the discovery of admissible evidence which (1) affirmatively establishes what payments were made (a) from plaintiffs to SSG; (b) from SSG to licensors of films in issue; (c) from SSG to Chang/Chang-controlled entities; and (d) from Chang/Chang-related entities to SSG; and (2) establishes a relevant negative which cannot be established by the piecemeal disclosures made to date[4] – that SSG did not make certain payments/ advances to licensors of the films in issue. The requested SSG and Lim account records are also relevant to the Alter Ego Allegations in that they are reasonably calculated to lead to the discovery of admissible evidence which establishes whether Lim has improperly siphoned excessive funds from SSG (including funds supplied to SSG by plaintiffs), whether SSG funds (including those supplied to SSG by plaintiffs) have improperly been used to pay Lim's personal expenses, and whether SSG's and Lim's funds have been commingled improperly. The requested SSG and Lin account records are also relevant to whether or not defendants have willfully failed to comply with the Preliminary Injunction by interfering with

---

[3]As SSG has heavily redacted the account records produced to date based on its assessment as to what is relevant, and as none of Lim's records have otherwise been the subject of discovery, there is no basis for the Court to conclude that the records sought by the subpoenas are *unreasonably* cumulative or duplicative of records otherwise obtained through discovery. In light of the parties' ongoing and hotly contested disputes regarding the degree to which defendant Lim's financial records are relevant, the degree to which SSG's complete unredacted account records are relevant, and the privacy/confidentiality of certain of the account records in issue, the Court cannot find that it would be more convenient, less burdensome, or less expensive for plaintiffs to seek to obtain or compel the documents in issue from defendants themselves. Nor, as noted above, does the Court believe the record supports a finding at this stage of the litigation that plaintiffs have had ample opportunity to obtain the discovery sought by the subpoenas or that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the proposed discovery in resolving issues.

[4]As noted above, SSG has redacted the bank records it has produced based on lack of relevance. Courts have reached different conclusions regarding the propriety of redacting documents based on lack of relevance. Compare Flintkote Co. v. General Accident Assurance Co., 2009 WL 1457974, *7 (N.D. Cal. 2009); Gates v. Rohm and Hass Co., 2007 WL 295416, *1 (E.D. Penn. 2007) (approving redactions) with In re Medeva Securities Litigation, 1995 WL 943468, *3 (C.D. Cal. 1995); Howell v. City of New York, 2007 WL 2815738, *2 (E.D.N.Y. 2007); Evergreen Trading, LLC ex rel. Nussdorf, 80 Fed. Cl. 122, 145 (2007); Levy Indiana Slag Co. v. International Union of Operating Engineers, 2006 WL 2224201 (N.D. Ind. 2006) (disapproving redactions). This Court finds the second category of cases, *i.e.*, those cases which disapprove of redacting portions of documents which otherwise contain discoverable information based upon relevance to be more persuasive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7525 GW(JC) | Date | March 28, 2013 |
|---|---|---|---|
| Title | CatchPlay Inc. (Cayman), et al. v. Studio Solutions Group, Inc., et al | | |

rights granted to plaintiffs in written agreements with defendants in that the records are reasonably calculated to lead to the discovery of admissible evidence which establishes SSG's ability/inability to make payments to licensors in accordance with the parties' written agreements.

Third, the Court addresses defendants' objection that the subpoenas improperly call for information protected by defendants' right of privacy under the California Constitution and California Code of Civil Procedure section 1985.3 (assertedly applicable to this action under Federal Rule of Evidence 501) without an adequate showing of need therefor. Initially, the Court must determine whether California or federal law governs its analysis.

Questions of privilege that arise in the course of the adjudication of federal rights are governed by the principles of federal common law. United States v. Zolin, 491 U.S. 554, 562 (1989) (citing Fed. R. Evid. 501). Where a federal question claim and pendent state law claims are present, federal law on privilege, not state law, applies. Agster v. Maricopa County, 422 F.3d 836, 839 (9th Cir.) (citations omitted), cert. denied, 546 U.S. 958 (2005). However, in federal diversity actions, privilege claims are determined under applicable state law. Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 284 (C.D. Cal. 1998) (citing Fed. R. Evid. 501). Although the law is not entirely clear on whether federal or state law applies when a complaint contains only state law claims and jurisdiction is predicated on diversity, but a federal counterclaim is made – the situation present in this case – at least one court has concluded that state privilege law should apply, particularly if the disputed discovery in issue does not pertain to the federal claim. See Platypus Wear, Inc. v. K.D. Co., 905 F. Supp. 808, 811-12 (S.D. Cal. 1995). In light of the foregoing authorities and the fact that plaintiffs have not asserted that the documents in issue are pertinent to defending against the sole federal Counterclaim, the Court concludes that state substantive law on privilege governs its analysis of defendants' privacy objections to the subpoenas.[5]

In California, the right to privacy is set forth in Article I, Section I of the California Constitution. California courts have treated the right to privacy as a privilege in the discovery context, and, as such, have determined it is a right subject to invasion depending upon the circumstances. See, e.g., Hill v. National Collegiate Athletic Assn., 7 Cal. 4th 1, 37 (1994). Thus, the privilege is subject to balancing the needs of the litigation with the sensitivity of the information/records sought. Pioneer Electronics (USA), Inc. v. Superior Court, 40 Cal. 4th 360, 371-75 (2007). This Court finds that plaintiffs' need for the SSG bank records sought by the subpoenas outweighs the privacy rights asserted by SSG and Lim in

---

[5]The Court is not, however, persuaded that state *procedural* rules (such as California Code of Civil Procedure § 1985.3), rather than the Federal Rules of Civil Procedure, apply. See Kohlrautz v. Oilmen Participation Corp., 441 F.3d 827, 830 (9th Cir. 2006) (federal court follows federal procedural law and, where it applies, state substantive law); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, (9th Cir. 2003) ("The Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal.") (citing Hanna v. Plumer, 380 U.S. 460, (1965)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7525 GW(JC) | Date | March 28, 2013 |
|---|---|---|---|
| Title | CatchPlay Inc. (Cayman), et al. v. Studio Solutions Group, Inc., et al | | |

such records.[6]  The privacy and confidentiality of such records can be adequately protected by the existing protective order in this action, particularly as the Court is requiring such records to be Attorney's Eyes Only at this juncture.  See e.g., A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C.D. Cal. 2006) (privacy concerns relating to disclosure of tax returns can be addressed by carefully drafted protective order); CEH, Inc. v. FV "Seafarer", 153 F.R.D. 491, 499 (D.R.I. 1994) ("[W]hile a party does have an interest in nondisclosure and confidentiality of its financial records, this interest can be adequately protected by a protective order.").  However, at this juncture in the lawsuit, the Court is not satisfied that plaintiffs' need for the Lim bank records sought by the subpoenas outweighs Lim's privacy right in such records.  It may be that analysis of the unredacted SSG bank records, once produced, will reveal transactions between SSG and Lim which tip the scale in the other direction, but, as indicated, the Court is not persuaded that Lim's privacy rights in the Lim bank account records sought by the subpoenas are outweighed by plaintiffs' asserted need for his personal bank records at this juncture.

**IV.    Orders**

In light of the foregoing, IT IS HEREBY ORDERED:

1.    Plaintiffs' Motion is granted to the extent it seeks an order lifting the stay on the portions of the subpoenas to J.P. Morgan and Bank of America which seek to compel the production of SSG bank account statements.

2.    Bank records produced pursuant to the above order shall be treated as Attorney's Eyes Only absent written agreement of the parties or a court order indicating otherwise

3.    Plaintiffs' Motion is denied without prejudice to the extent it seeks an order lifting the stay on the portions of the subpoenas to J.P. Morgan and Bank of America which seek to compel the production of Lim's personal bank account statements.

4.    The parties' cross-motions for sanctions are denied as the Court finds that the circumstances present here would make an award of sanctions unjust.

IT IS SO ORDERED.

Initials of Deputy Clerk: hr

---

[6]Based on the submissions to date, the Court is not, however, persuaded that defendants have waived their privacy rights to all bank records by virtue of filing certain financial records in the public record in this action.