**GREENBERG TRAURIG, LLP**
Vincent H. Chieffo (SBN 49069)
chieffov@gtlaw.com
Valerie W. Ho (SBN 200505)
hov@gtlaw.com
Nina D. Boyajian (SBN 246415)
boyajiann@gtlaw.com
Matthew R. Gershman (SBN 253031)
gershmanm@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: (310) 586-7700
Facsimile:  (310) 586-7800
*Attorneys for Plaintiffs and Counterclaim Defendants*
*CatchPlay Inc. (Cayman) and CatchPlay Inc. (Taiwan)*

**WEINGARTEN BROWN LLP**
Alex M. Weingarten (SBN 204410)
aw@wbllp.com
Ruth M. Moore (SBN 216848)
rm@wbllp.com
Leslie A. Eggers (SBN 275394)
le@wbllp.com
10866 Wilshire Blvd., Suite 500
Los Angeles, CA 90024-4340
Telephone: (310) 229-9300
Facsimile:  (310) 229-9380
*Attorneys for Defendant Johnny Lin and*
*Defendant-Counterclaimant Studio Solutions Group, Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION

| | |
|---|---|
| CATCHPLAY INC. (CAYMAN) and CATCHPLAY INC. (TAIWAN),<br><br>                    Plaintiffs,<br><br>vs.<br><br>STUDIO SOLUTIONS GROUP, INC. and JOHNNY LIN,<br><br>                    Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. CV 12-07525 GW (JCx)<br><br>**AMENDED STIPULATED PROTECTIVE ORDER**<br><br>**[CHANGES MADE BY COURT]**<br><br>Magistrate Judge: Hon. Jacqueline Chooljian<br><br>Complaint Filed: August 31, 2012 |

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending the "Litigation" (as that term is defined below) would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information in this action under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal in this action.

## 2.    DEFINITIONS

2.1    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff) (as that term is defined below).

2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this action.

2.3    <u>"Confidential Information or Items"</u>:  is limited to information that concerns or relates to a trade secret or other confidential research, development or commercial information the disclosure of which may cause significant harm to the competitive position of the Producing Party (as that term is defined below).

AMENDED STIPULATED PROTECTIVE ORDER

2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    <u>Receiving Party</u>:   a Party that receives Disclosure or Discovery Material from a Producing Party in this action.

2.6    <u>Producing Party</u>:  a Party or Non Party (as that term is defined below) that produces Disclosure or Discovery Material in this action.

2.7.    <u>Designating Party</u>:  a Party or Non Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly-Confidential Attorneys' Eyes Only."

2.8    <u>Protected Material</u>:   any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9.    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action and other attorneys who are not employees of a Party but who are retained to represent or advise a Party in the Litigation and who have agreed in writing to be bound by the terms of this Order.

2.10    <u>House Counsel</u>:  attorneys who are employees of a Party.

2.11    <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12    <u>Expert</u>:   a person with specialized knowledge or experience in a matter pertinent to the Litigation, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Litigation and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with the Litigation.

AMENDED STIPULATED PROTECTIVE ORDER

*LA 130877463v6*

2.13 <u>Professional Vendors</u>:   persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14 <u>Litigation</u>:   includes (i) this action, case number 2:12-cv-07525-GW (JCx), and (ii) the pending civil and criminal actions in Taiwan and related subsequent actions brought by CatchPlay Inc. (Cayman), and/or CatchPlay Inc. (Taiwan) (together, "CatchPlay") against Wayne Chang, and companies owned, operated or controlled by Wayne Chang, including Media Development Corp. and E-Zon Corporation, and the pending civil and criminal actions in Taiwan and related subsequent actions brought by Wayne Chang and/or companies owned, operated or controlled by Wayne Chang against CatchPlay, Daphne Yang and Harvey Chang (the "Taiwan Litigation").

2.15 <u>Non Party</u>:   persons or entities that are not a Party and who have agreed in writing to be bound by this Order.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.   DURATION**

Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies

4

AMENDED STIPULATED PROTECTIVE ORDER

under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Designation Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

AMENDED STIPULATED PROTECTIVE ORDER

(b)    for testimony given in deposition, that the Party or Non-Party offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or Non-Party that sponsors, offers, or gives the testimony may  invoke on the record (before the deposition is concluded) a right to have up to 20 days after receipt of the official transcript of the testimony to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is

6

AMENDED STIPULATED PROTECTIVE ORDER

appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2/6.3   <u>Meet and Confer/Judicial Intervention</u>.  Any challenge to a confidentiality designation in this action shall be made in accordance with Local Rules 37-1, et seq.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non Party in connection with this case only for prosecuting, defending, or attempting to settle the Litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Upon the latter of the termination of this action and the Taiwan Litigation, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

*LA 130877463v6*

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for the Litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for the Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the court and its personnel in this action and, as reasonably necessary, the court, the police or prosecutors and their staff in the Taiwan Litigation;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for the Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in this action and/or during in court examinations, witnesses in the Taiwan Litigation, to whom disclosure is reasonably necessary for prosecuting, defending, or attempting to settle the Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author of the document, the original source of the information, or a person to whom the document or information was provided previously outside this action; and

8

AMENDED STIPULATED PROTECTIVE ORDER

(h)    pursuant to the conditions set forth in Schedule A attached hereto, which is incorporated by reference as if fully set forth herein, parties in the Taiwan Litigation, their counsel of record (as well as employees of said counsel), their officers, directors, and employees (including in-house counsel), and their retained experts, to whom disclosure is reasonably necessary for prosecuting, defending, or attempting to settle the Taiwan Litigation.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information  or item  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of record, as    well    as employees    of said    counsel    to   whom it    is    reasonably necessary to disclose the information for the Litigation;

(b)    the Receiving Party's House Counsel directly involved in supervision of the Litigation to whom disclosure is reasonably necessary, provided such House Counsel is not involved in business decisions of the Receiving Party as discussed by the Ninth Circuit Court of Appeals in *Brown Bag v. Symantec*, to whom disclosure is reasonably necessary for the Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for the Litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    the court and its personnel in this action and, as reasonably necessary, the court, the police or prosecutors and their staff in the Taiwan Litigation;

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for the Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

9
AMENDED STIPULATED PROTECTIVE ORDER

*LA 130877463v6*

(f)      the author of the document or a recipient of the document as shown on the face of the document; and

(g)      pursuant to the conditions set forth in Schedule A attached hereto, which is incorporated by reference as if fully set forth herein, counsel of record for the parties in the Taiwan Litigation (as  well  as  employees  of said  counsel), the in-house counsel of said parties who is directly involved in supervision of the Taiwan Litigation (provided such in-house counsel is not involved in business decisions of the party as discussed by the Ninth Circuit Court of Appeals in *Brown Bag v. Symantec*), and the retained experts of said parties, to whom disclosure is reasonably necessary for prosecuting, defending, or attempting to settle the Taiwan Litigation.

## 8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order or other lawful court process issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.   In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses

AMENDED STIPULATED PROTECTIVE ORDER

*LA 130877463v6*

of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material in this action must comply with Civil Local Rule 79-5. A Party wishing to file any Protected Material in the Taiwan Litigation shall be bound by the provisions of Schedule A, attached hereto and incorporated as if fully set forth herein.

## 11. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of the latter of this action or the Taiwan Litigation, each Receiving Party must return all Protected Material in the Receiving Party's possession, custody or control to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy

AMENDED STIPULATED PROTECTIVE ORDER

*LA 130877463v6*

some or all of the Protected Material in the Receiving Party's possession, custody or control instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, discovery, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 12.   MISCELLANEOUS

12.1   <u>Right to Further Relief</u>.   Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.   By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated:  July 16, 2013                    GREENBERG TRAURIG, LLP


By:   _/s/ Valerie W. Ho_____
               Valerie W. Ho
*Attorneys for Plaintiffs and Counterclaim*
*Defendants CatchPlay Inc. (Cayman)*
*and CatchPlay Inc. (Taiwan)*

12

AMENDED STIPULATED PROTECTIVE ORDER

Dated:  July 16, 2013                         WEINGARTEN BROWN LLP


                                     By:  _/s/ Alex M. Weingarten_____
                                              Alex M. Weingarten
                                          *Attorneys for Defendant Johnny Lin and
                                          Defendant-Counterclaimant Studio Solutions
                                          Group, Inc.*


          *Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that Alex M.
Weingarten, on whose behalf this filing is jointly submitted, has concurred in this filing's
content and has authorized me to file this document.*


                                     By:  _/s/ Valerie W. Ho_____


IT IS SO ORDERED.




Dated:  August 9, 2013               _____/s/_____
                                          Hon. Jacqueline Chooljian
                                          Magistrate Judge, United States District Court

AMENDED STIPULATED PROTECTIVE ORDER

*LA 130877463v6*

## SCHEDULE A

### USE OF PROTECTED MATERIAL IN TAIWAN LITIGATION

1.     CatchPlay agrees that, in the event CatchPlay wishes to file any Protected Materials in the Taiwan Litigation, it shall not publicly disclose Protected Materials produced by Defendants, and to instead take reasonable measures to only submit such materials, if at all, in compliance with Taiwan law, in a manner that ensures access only by the permitted persons identified in Section 7 of this Order.

2.     CatchPlay agrees that it will not file or otherwise use in the Taiwan Litigation any bank statement(s), copies of cancelled checks, or any other banking information of SSG, Johnny Lin or any entity partially or wholly owned by SSG and/or Johnny Lin produced in this litigation by SSG, Johnny Lin or by any third party ("Bank Records"), except that CatchPlay may file or otherwise use such Bank Records in the Taiwan Litigation, in accordance with the provisions of this Order, to the extent CatchPlay reasonably believes the records reflect payment to or from Wayne Chang, Wayne Chang affiliated entities, and/or Wayne Chang affiliated individuals.

3.     To the extent any person or entity, who is not a permitted person identified in Section 7 of this Order, makes a request to the Taiwanese court for access to court filings that contain Protected Materials produced by Defendants, or otherwise seeks access to Protected Materials produced by Defendants through some other procedure under Taiwan law, CatchPlay agrees to oppose such request(s), pursuant to Taiwan law, using its best efforts and exhausting all lawful options to oppose such attempt(s) to obtain access.

4.     CatchPlay agrees to be bound by this Amended Stipulated Protective Order and agrees not to voluntarily allow, absent a Taiwanese court order, any person or entity, with the exception of those enumerated in Section 7 of this Order, to access Protected Materials produced by Defendants.

5.     As part of its discovery obligations in this action, CatchPlay agrees to produce in this action any and all court filings, with attachments, made by any party in

14

AMENDED STIPULATED PROTECTIVE ORDER

the Taiwan Litigation, provided such documents are accessible to CatchPlay and may be produced under Taiwan Law.

      Executed on July _____, 2013, in Taipei, Taiwan, for and on behalf of Plaintiffs CatchPlay Inc. (Cayman) and CatchPlay Inc. (Taiwan):

 

                                           _____

                                           Dr. Chung-Teh Lee,
*Taiwanese Counsel for Plaintiffs CatchPlay Inc. (Cayman) and CatchPlay Inc. (Taiwan)*

      Executed on July 16, 2013, in Los Angeles, California, for and on behalf of Plaintiffs CatchPlay Inc. (Cayman) and CatchPlay Inc. (Taiwan):

                                         */s/ Valerie W. Ho*_____

                                         Valerie W. Ho
*U.S. Counsel for Plaintiffs CatchPlay Inc. (Cayman) and CatchPlay Inc. (Taiwan)*

AMENDED STIPULATED PROTECTIVE ORDER

*LA 130877463v6*

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Amended Stipulated Protective Order that was issued by the United States District Court for the Central District of California on August 9, 2013 in the case of **CATCHPLAY, ET AL. V. STUDIO SOLUTIONS GROUP, ET AL. USDC CENTRAL DISTRICT OF CALIFORNIA CASE NO. CV12-07525 GW (JCx)**.  I agree to comply with and to be bound by all the terms of this Amended Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Amended Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Amended Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Amended Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

16

AMENDED STIPULATED PROTECTIVE ORDER

*LA 130877463v6*